# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **RODNEY NELSON,** on behalf of himself and others similarly situated, | : : : | |
| **Plaintiff**, | : : | CASE NO. 2:21-cv-982 |
| v. | : : | JUDGE |
| **INDUS COMPANIES, INC.,** c/o Statutory Agent Jeffrey S. Braun, Esq. 150 E. Gay Street 24th Floor Columbus, OH 43215 | : : : : : : : : | MAGISTRATE JUDGE **JURY DEMAND ENDORSED HEREON** |
| -and- | : : | |
| **RIVERVIEW HOTEL LLC,** c/o Statutory Agent Jeffrey S. Braun, Esq. 150 E. Gay Street 24th Floor Columbus, OH 43215 | : : : : : : : | |
| **Defendants**. | : | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Plaintiff Rodney Nelson ("Named Plaintiff" or "Nelson") individually and on behalf of other members of the general public similarly situated, for his Complaint against Defendants Indus Companies, Inc. ("Defendant Indus") and Riverview Hotel LLC ("Defendant Riverview") (collectively "Defendants") for their failure to properly pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 and 4111.08 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and

the OPPA will be referred to collectively as "the Ohio Acts"); and O.R.C. 2307.60. The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. § 4111.03, 4111.08, and the OPPA are brought as a class action pursuant to Rule 23. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.      JURISDICTION AND VENUE**

1.      This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claims occurred in the Southern District of Ohio, and Defendants' principal place of business is located in the Southern District of Ohio.

**II.     PARTIES**

**Named Plaintiff**

4.      Nelson is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5.      Nelson was employed by Defendants beginning in or around September 2019 to January 2021.

6.      Nelson primarily worked as an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

7. At all times relevant, Nelson was paid on an hourly basis as the Operations Supervisor at Defendants' Hampton Inn Suites- Columbus, Ohio (OSU) hotel.

8. Nelson brings this action on his own behalf and on behalf of those similarly situated, and he has given his written consent to bring this collective action to recover unpaid overtime under the FLSA and to recover unpaid overtime under the Ohio Wage Act. Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

**Defendants**

9. Defendant Indus is a corporation for profit that operates and conducts substantial business activities in the Southern District of Ohio. Defendant Indus owns and operates hotels in and central Ohio and Pittsburgh, Pennsylvania.

10. Specifically, upon information and belief, Defendant Indus owns and operates the following hotels: 1) Aloft- Columbus OH, 2) Canopy by Hilton- Columbus OH, 3) Double Tree by Hilton- Newark OH, 4) Embassy Suites by Hilton- Pittsburgh PA, 5) Hampton Inn & Suites- Columbus OH (Downtown), 6) Hampton Inn & Suites- Columbus OH (Hilliard), 7) Hampton Inn & Suites- Columbus OH (OSU), 8) Hampton Inn- Columbus OH (Airport), 9) Hilton Garden Inn- Columbus OH (Airport), 10) Hilton Garden Inn- Columbus OH (OSU), 11) Home2 Suites by Hilton- Grove City  OH, 12) Tru by Hilton- Columbus OH (Airport), 13) Tru by Hilton- Grove City OH, and 14) Varsity Inn- Columbus OH (OSU).

11. Defendant Riverview is a domestic limited liability company that pays Named Plaintiff.

12. Upon information and belief, although Defendants have registered numerous other "entities" ("Defendant Entities"), all Defendant Entities maintain interrelated operations,

centralized control of labor relations, common management and common ownership and financial control.

13. The Defendant Entities have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. The Defendant Entities form a "single employer" as they are part of a single integrate enterprise and/or they are joint employers as they jointly operate and provide services, and they maintain interrelated operations, centralized control of labor relations, common management and common ownership and financial control.

14. Because the work performed by Named Plaintiff and all other hourly employees benefited Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Named Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

15. Each of the Defendant Entities has substantial control over Named Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

16. Each of the Defendant Entities directly or indirectly controls the terms and conditions of Named Plaintiff's work and the work of similarly situated employees.

17. Each of the Defendant Entities maintained control, oversight, and direction over Named Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

18. Upon information and belief, Defendant Entities apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees at all of its

locations and under all of its entities, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, timekeeping, and meal deductions.

19. Each of the Defendant Entities is an "employer" of Named Plaintiff and similarly situated employees as that term is defined by the FLSA.

20. Each of the Defendant Entities has gross revenue that exceeds $500,000.00 per year.

21. Collectively, the Defendant Entities have gross revenue that exceeds $500,000.00 per year.

22. At all times relevant hereto, Defendant Entities were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III. FACTS

23. Defendants paid Named Plaintiff and other similarly situated hourly, hotel employees an hourly wage to perform work.

24. Named Plaintiff and other similarly situated hotel employees regularly worked more than 40 hours in a workweek.

25. During their employment with Defendants, Named Plaintiff and other hotel employees provided services to Defendants' customers.

26. Defendants established an illegal pay practice in order to reduce the amount of overtime wages it paid to Named Plaintiff and other hotel employees.

27. Specifically, Defendants modified Named Plaintiff and similarly situated employees' time punches to reduce the number of hours they worked in order to decrease or avoid paying overtime.

28. Named Plaintiff noticed his hours worked were being edited and reduced.

29. Named Plaintiff brought these time edits to his manager's attention, but the manager did not address the matter.

30. Named Plaintiff then contacted Defendants' human resources department ("HR"), and Defendants' HR confirmed that they were editing hourly employees' time punches in order to avoid paying overtime.

31. Specifically, Defendants' HR stated that they were informed they were not allowed to pay overtime and to reduce employees' hours to avoid paying overtime.

32. After Named Plaintiff made the wage and hour complaint to Defendants' HR, Defendants reduced the number of hours Named Plaintiff was scheduled to work and ultimately stopped scheduling him to work altogether.

33. Defendants knowingly and willfully created this pay policy in order to not pay Named Plaintiff and other hourly, hotel employee overtime.

34. As a result of Defendants' pay policies and/or practices described herein, Named Plaintiff and other similarly situated hourly, hotel employees were not properly or fully paid one and one-half times their regular rates of pay for all hours worked over 40.

35. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with federal and Ohio wage and overtime payment and recordkeeping laws. Indeed, Defendants took active steps to avoid paying Named Plaintiff and other hourly, hotel employees an overtime premium.

36. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

37. Defendants' failure to compensate Named Plaintiff and other hourly, hotel employees as set forth above resulted in unpaid overtime.

### IV. 216(b) COLLECTIVE ALLEGATIONS

38. Named Plaintiff brings the FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of himself and all other similarly situated hotel employees of the opt-in class. The FLSA collective consisting of:

> All current and former hourly hotel employees at any Defendant Indus property who worked 40 or more hours in any workweek during the three years preceding the filing of this Complaint (the "FLSA Collective" or the "FLSA Collective Members").

39. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Named Plaintiff, numerous putative FLSA Collective Members have been denied proper overtime compensation due to Defendants' company-wide payroll policies and practices described herein. Named Plaintiff is representative of those other similarly situated hotel employees and is acting on behalf of their interests as well as his own in bringing this action.

40. The identities of the putative FLSA Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

### V. RULE 23 ALLEGATIONS

41. Named Plaintiff brings the Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other members of the following class:

> All current and former hourly hotel employees at any Defendant Indus property in Ohio who worked 40 or more hours in any workweek during the two years preceding the filing of this Complaint (the "Rule 23 Class" or the "Rule 23 Class Members").

42. The Rule 23 Class includes all current or former hourly, non-exempt hotel employees employed by Defendants throughout the State of Ohio as defined above.

43. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

44. Named Plaintiff is a member of the Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

45. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

46. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

47. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

48. Questions of law and fact are common to the Rule 23 Class.

49. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to its non-exempt employees.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiff and the Rule 23 Class as a whole.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

52. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Rule 23 Class overtime premium for every hour worked over 40 in one or more workweeks; (b) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

53. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### VI. CAUSES OF ACTION

**FIRST CAUSE OF ACTION:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

54. All of the preceding paragraphs are realleged as if fully rewritten herein.

55. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

56. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

57. During the three years preceding the filing of this Complaint, Defendants employed Named Plaintiff and the FLSA Collective Members.

58. Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

59. Named Plaintiff and the FLSA Collective Members were not paid all overtime wages they were owed as more fully described above.

60. Named Plaintiff and the FLSA Collective Members worked in excess of 40 hours in given workweeks.

61. Defendants violated the FLSA with respect to Named Plaintiff and the FLSA Collective by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates of pay for all hours worked over forty (40) in workweeks as described above.

62. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

63. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

64. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and the FLSA Collective Members is unknown at

this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not otherwise kept by Defendants.

65. As a direct and proximate result of Defendants' conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the FLSA Collective Members.

### SECOND CAUSE OF ACTION:
### R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

66. All of the preceding paragraphs are realleged as if fully rewritten herein.

67. This claim is brought under the Ohio Acts.

68. Named Plaintiff and the Rule 23 Class Members have been employed by Defendants, and Defendants are an employer covered by the overtime requirements under the Ohio Acts.

69. The Ohio Acts require that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

70. Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not fully or properly paid overtime wages they earned for this time spent working as described above.

71. Named Plaintiff and the Rule 23 Class were not exempt from the wage protections of the Ohio Acts.

72. Defendants' repeated and knowing failures to pay overtime wages to Named Plaintiff and the Rule 23 Class Members were violations of R.C. §4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

73. For Defendants' violations of R.C. §4111.03, by which Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the Rule 23 Class Members.

## THIRD CAUSE OF ACTION:
### R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

74. All of the preceding paragraphs are realleged as if fully rewritten herein.

75. Named Plaintiff and the Rule 23 Class Members were employed by Defendants.

76. During all relevant times, Defendants were entities covered by the OPPA and Named Plaintiff and the Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

77. The OPPA requires Defendants to timely pay Named Plaintiff and the Rule 23 Class Members all wages, including unpaid overtime, in accordance with O.R.C. § 4113.15(A).

78. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate of pay, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

79. Named Plaintiff and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

80. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## FOURTH CAUSE OF ACTION:
## RULE 23 CLASS ACTION FOR DAMAGES PURSUANT TO O.R.C. 2307.60

81. All of the preceding paragraphs are realleged as if fully rewritten herein.

82. The FLSA, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

83. By its acts and omissions described herein, Defendants have willfully violated the FLSA, and Named Plaintiff and the Ohio Rule 23 Class have been injured as a result.

84. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

85. As a result of Defendants' willful violations of the FLSA, Named Plaintiff and the Ohio Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## FIFTH CAUSE OF ACTION:
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

86. All of the preceding paragraphs are realleged as if fully rewritten herein.

87. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

88. During times material to this complaint, Defendants were covered employers, and required to comply with the Ohio Wage Act's mandates.

89. Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

90. During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly

maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

91. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## SIXTH CAUSE OF ACTION:
### NAMED PLAINTIFF'S INDIVIDUAL CLAIM FOR FLSA RETALIATION

92. All of the preceding paragraphs are realleged as if fully rewritten herein.

93. Defendants unlawfully retaliated against Named Plaintiff in violation of the FLSA.

94. Plaintiff engaged in a protected activity when he complained of the time edits that reduced or eliminated his overtime pay under FLSA and the Ohio Acts.

95. Defendants knew that Named Plaintiff engaged in such protected activity.

96. Because Named Plaintiff engaged in the aforementioned protected activity, Defendants unlawfully retaliated against Named Plaintiff by reducing his scheduled hours until he was not scheduled at all. Defendants terminated or otherwise constructively discharged Named Plaintiff in retaliation for his protected activity.

97. As a direct and proximate result of Defendants' conduct, Named Plaintiff suffered and continue to suffer emotional distress and damages. In addition, Named Plaintiff seeks compensatory damages, liquidated damages, punitive damages, interest, and attorneys' fees, and all other remedies available, as a result of Defendants' retaliation in violation of 29 U.S.C. §215.

## SEVENTH CAUSE OF ACTION:
### NAMED PLAINTIFF'S INDIVIDUAL CLAIM FOR RETALIATION IN VIOLATION OF THE OHIO WAGE ACT AND SECTION 34A OF THE OHIO CONSTITUTION

98. All of the preceding paragraphs are realleged as if fully rewritten herein.

99. Ohio Revised Code Section 4111.13(B) provides that no employer shall discharge or in any other manner discriminate against any employee because the employee has made any

complaint to the employee's employer, or to the director, that the employee has not been paid wages in accordance with sections 4111.01 to 4111.17 of the Ohio Wage Act.

100. Section 34a of the Ohio Constitution provides that "No employer shall discharge or in any other manner discriminate or retaliate against an employee for exercising any right under this section or any law or regulation implementing its provisions or against any person for providing assistance to an employee or information regarding the same."

101. During relevant times, Named Plaintiff was employed by Defendants.

102. Defendants are, individually and jointly, employers covered by anti-retaliation provisions set forth in the Ohio Wage Act and the Ohio Constitution, which aim to prevent employers from punishing individuals engaging in protected activity or from attempting to deter others from acting similarly.

103. During relevant times, Named Plaintiff was subject to the protection of the anti-retaliation provisions of the Ohio Wage Act and the Ohio Constitution and are not exempt from those protections.

104. Named Plaintiff's scheduled hours were reduced until he was no longer scheduled and effectively terminated or otherwise constructively discharged by Defendants because he engaged in a protected activity as set forth in Ohio Revised Code § 4111.13 and the Ohio Constitution.

105. Defendants engaged in prohibited acts as set forth in Ohio Revised Code § 4111.13 and the Ohio Constitution when they reduced his hours, failed to schedule him, and terminated or otherwise constructively discharged him.

106. Defendants' retaliation against Named Plaintiff's is causally linked to and motivated by Named Plaintiff's exercising his lawful rights.

107. Named Plaintiff has been harmed and continue to be harmed by Defendants' acts or omissions described herein.

108. Named Plaintiff has been damaged by Defendants' violations of the Ohio Wage Act and Section 34a of Article II of the Ohio Constitution such that they are entitled to compensation, including back wages, damages under the Ohio Wage Act and Ohio Constitution in an amount sufficient to compensate Named Plaintiff and deter future violations of no less than $150 per day for each day that the retaliation continues, costs and reasonable attorney's fees.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendants for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under the Ohio Acts;

D. Allowing Named Plaintiff, the FLSA Class Members, and the Rule 23 Class Members to prove their hours worked with reasonable estimates if Defendants failed to keep accurate records in accordance with Ohio Law;

E. Awarding to Named Plaintiff and the FLSA Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

G. Awarding Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Awarding Named Plaintiff and the Rule 23 Class Members compensatory and punitive damages under O.R.C. § 2307.60;

J. An award of damages in an amount to be proved at trial, including, but not limited to, lost wages, compensatory damages, non-compensatory damages, emotional distress damages, nominal damages, liquidated damages, and punitive damages;

K. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and the Ohio Acts, including but not limited to prohibiting Defendants from further retaliation or threats of retaliation;

L. An award of the costs and expenses incurred in bringing this action together with reasonable attorney's fees and expert fees;

M. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

N. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
         agedling@mcoffmanlegal.com
         khendren@mcoffmanlegal.com

*Attorneys for Named Plaintiff
and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman